**200202963H [Tax Type: Sales] [Document Type: Hearing]**

STAR Highlighted Document
Open Records Quick Search
Confidential Topical Index
Search
Back to Results   Help

**Highlighted:** +antolik (16)

http://taxstar.cpa.state.tx.us/confdocs/conf28/200202963h.html

View Original Page
First Match ▶

Texas Comptroller of Public Accounts STAR System CONFIDENTIAL DOCUMENT

200202963H

HEARING NO. 39,428

RE: VICTOR **ANTOLIK**
TAXPAYER NO.: ▓▓▓▓350-7
AUDIT PERIOD: 01/01/95 THROUGH 12/31/98

HEARING NO. 40,365

RE: DIVERSIFIED BUILDING SERVICES, INC.
TAXPAYER NO.: ▓▓▓▓067-8
AUDIT PERIOD: 01/01/95 THROUGH 12/31/98

SALES & USE TAX/RDT

BEFORE THE COMPTROLLER
OF PUBLIC ACCOUNTS
OF THE STATE OF TEXAS

ROY G. SCUDDAY
Administrative Law Judge

STANLEY K. COPPINGER
Representing Administrative Hearings Section

VICTOR ◀**ANTOLIK**▶
Representing Petitioner

CHRISTIA PARR MITCHELL
Representing Claimant

COMPTROLLER'S DECISION

PRELIMINARY DISCUSSION:

These consolidated cases were heard at an oral hearing on October 31, 2001. Petitioners Victor ◀**Antolik**▶ and Diversified Building Services, Inc., were not represented at the hearing. Claimant Christia Parr Mitchell represented

**Exhibit F**

herself. The Administrative Hearings Section was represented by Assistant General Counsel Stanley K. Coppinger, who presented the testimony of Jeff Wiginton, Ombudsman in the Claims Section of the Comptroller's Office, and Assistant General Counsel Richard Craig of the Agency Affairs Section of the General Counsel Division of the Comptroller's Office.

Unless otherwise indicated, all Section references are to Title 2, Texas Tax Code Annotated, and all Rule references are to sections of Title 34, Texas Administrative Code. Notice has been taken of all Comptroller's records pertinent to Petitioners and the issues raised in this case.

On December 28, 2001, the Claimant filed Exceptions to the December 13, 2001 Proposed Comptroller's Decision. The Administrative Hearings Section filed its Response to these Exceptions on January 14, 2002. The Administrative Law Judge and the Comptroller have considered the Claimant's Exceptions and the Administrative Hearings Section's Response, and this Comptroller's Decision represents the ruling thereon.

CLAIMANT'S CONTENTION:

Claimant contends that she is entitled to a refund of one-half of the amount received from Petitioners in payment of the assessments against Petitioners.

FINDINGS OF FACT:

1. Diversified Building Services, Inc. (Petitioner DBS) provided building cleaning services. Victor ◄**Antolik**► (Petitioner VA) was the president and major shareholder of Petitioner DBS. Christia Parr Mitchell (Claimant) was married to Petitioner VA during the audit period.

2. On January 26, 2000, Petitioner VA met with Mr. Wiginton and informed Mr. Wiginton that Petitioner DBS owed sales tax to the state. Based on Petitioner DBS' Federal Income Tax Returns for 1995, 1996, 1997, and 1998, Mr. Wiginton determined that Petitioner DBS owed $271,929.75 in sales tax. Pursuant to an agreement with Petitioner VA, Texas Notices of Tax/Fee Due were issued to both Petitioner DBS and Petitioner VA on February 9, 2000, for the sales tax, plus penalty and interest through the date of the Notices. On March 3, 2000, Petitioner VA requested a redetermination on behalf of both Petitioners.

3. Based on information provided by Petitioner VA, the Comptroller's office proceeded to put tax liens on certain real property in Bastrop and Bexar Counties, Texas, which properties were the community property of Petitioner VA and Claimant, who were then involved in a contested divorce proceeding, Cause No. 99-CI-01482 in the 57th District Court in Bexar County, Texas. During those proceedings, Petitioner VA and Claimant agreed to sell a tract in Bastrop County, Texas, referred to as Bastrop Ranch, on which the State tax lien had been filed. In order to complete the sale, $200,000 of the net sales proceeds was paid to the Comptroller in return for release of the lien. The balance of the net sales proceeds was placed in the Registry of the Court.

4. On November 14, 2000, District Judge Pat Boone signed a Second Reformed Final Decree of Divorce And Order In Suit Affecting The Parent-Child Relationship. That Decree contained the following provision for the distribution of the sale proceeds in the Court Registry:

The sales tax liability of Diversified Building Services, Inc., in the amount

of $121,740.97, shall first be paid today (on 11/14/00).

Pursuant to that Decree, $121,740.97 was paid to the Comptroller on November 14, 2000, and the assessments against both Petitioners were zeroed out. That Decree is currently under appeal by Claimant, one of the bases of which is the treatment of the tax liability by the trial court.

5. Findings of Fact and Conclusions of Law entered in Cause No. 99-CI-01482 on February 7, 2001, included the following:

19. The Court finds that both Parties were Parties were aware of the outstanding sales tax debt owing to the State of Texas, that the Parties had discussions concerning same during the course of the marriage and that Respondent participated in the decision to delay payment of those taxes in order to maintain the luxurious lifestyle the Parties enjoyed during the course of their marriage.

20. The Court finds that all sums which were not paid to the State Comptroller's Office, were used for the benefit of and to support the Parties community estate, and that any debts presently owing to the State of Texas for outstanding taxes incurred during the course of the marriage are a community responsibility and debt and should be paid from community assets.

. . . . . . . . . .

54. The Court finds that a fair and equitable division of the Parties' Community Estate requires the payment of the tax debt owed or owing to the Texas State Comptroller of Public Accounts to be paid from the proceeds from the sale of the Bastrop Ranch located at Route 1, Box 507, Cedar Creek, Texas. The Court finds that $200,000 has previously been paid and that the remaining balance of approximately $190,000 should be paid from the Ranch Proceeds presently held in the registry of the Court.

. . . . . . . . . .

56. The Court finds that debt owing to the Texas State Comptroller of Public Accounts is a community debt.

6. On January 12, 2001, Claimant filed a Request for Refund in which she seeks one-half of the amount paid to the Comptroller from the Bastrop Ranch sales proceeds, i.e., $160,870.48. On July 2, 2001, an Order Consolidating Cases and Admitting an Interested Party was issued making Claimant a party to the original redetermination hearings requested by Petitioners. Petitioners have not participated in these hearings since the November 14, 2000 payment and the zeroing-out of the assessments.

7. The Comptroller's Office was aware of the pendency of the divorce proceedings at the time the liability payments were made. No assessment was made against Claimant personally.

DISCUSSION AND CONCLUSIONS OF LAW:

Claimant's contention should be denied.

The following statutes are applicable to this contention:

Sec. 111.104. Refunds.

(a) If the comptroller finds that an amount of tax, penalty, or interest has been unlawfully or erroneously collected, the comptroller shall credit the amount against any other amount when due and payable by the taxpayer from whom the amount was collected. The remainder of the amount, if any, may be refunded to the taxpayer from money appropriated for tax refund purposes.

. . . . . . . . . .

Family Code, Sec. 3.202. Rules of Marital Property Liability.

. . . . . . . . . .

(c) The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by a spouse before or during marriage.

. . . . . . . . . .

Family Code, Sec. 6.707. Transfers and Debts Pending Decree.

(a) A transfer of real or personal community property or a debt incurred by a spouse while a suit for divorce or annulment is pending that subjects the other spouse or the community property to liability is void with respect to the other spouse if the transfer was made or the debt incurred with the intent to injure the rights of the other spouse.

(b) A transfer or debt is not void if the person dealing with the transferor or debtor spouse did not have notice of the intent to injure the rights of the other spouse.

(c) The spouse seeking to void a transfer or debt incurred while a suit for divorce or annulment is pending has the burden of proving that the person dealing with the transferor or debtor spouse had notice of the intent to injure the rights of the spouse seeking to void the transaction.

Unlike the situation where the Comptroller is seeking to assess a tax, a refund concerns a situation where the taxpayer is seeking to have the tax returned on the basis that its collection was in error. In that case, the burden logically belongs with the Claimant to show that the tax was collected in error.

Claimant asserts that the voluntary rendering by Petitioners for sales tax was a violation of Sec. 6.607(a), particularly in light of the fact that the Comptroller's employees knew that the parties were involved in a contested divorce proceeding. The Administrative Hearings Section (AHS) responds that the assessment and collection of the tax was in accordance with settled law.

Two of the cases cited by the AHS are particularly applicable to this contention. Pemelton v. Pemelton, 809 S.W.2d 642, 650 (Tex. App.-Corpus Christi, 1991) modified 836 S.W.2d 145 (Tex. 1992), concerned the characterization of the business debt of the husband's businesses. The Court held as follows:

Because the businesses were created during the marriage and benefited the community, their income and debts were joint management community property. A joint liability, being a personal liability of each spouse individually, can be collected from both spouses' non-exempt property, be it separate or community.

Orsinger, Richard R., Marital Liabilities: Which Estate is Liable for What?, Corpus Christi Bar Ass'n Family Law Seminar, Mar. 22, 1991. The trial court's division of debt between the parties, particularly, one-half of the federal tax liability to each, is supported by the evidence. See Tex. Fam. Code Ann. 4.031 (Vernon Supp. 1991).

Likewise, Nelson v. Citizens Bank And Trust Company, 881 S.W.2d 128 (Tex. App.-Houston [1st], 1994, no writ), while finding that the wife could not be personally liable for the debt of a business operated by her husband over which she exercised no management or control, held that her interest in the community property of the parties subject to their joint management, control and disposition was subject to the business debt.

In this case, Bastrop Ranch was community property and the debt of Petitioner DBS was a community debt (Finding of Fact No. 5). Despite Petitioner VA's motives in contacting the Comptroller's office, the fact is that Petitioner DBS owed sales tax to the state, that obligation was a community debt, and the community estate of the parties was properly obligated to satisfy that debt. Claimant has failed to show that the collection of the tax by the Comptroller from the sale proceeds of the Bastrop Ranch was in error. In the event that Claimant should prevail in her appeal of the trial court's decision as to the disposition of the Bastrop Ranch sales proceeds and/or the community nature of the DBS tax liability, her recourse would be to recover her half of the tax payment from Petitioner VA's share of the community estate.

RECOMMENDATION:

Claimant's refund claim should be denied.

SIGNED February 12, 2002.

ROY G. SCUDDAY
Administrative Law Judge

HEARING NOS. 39,428 & 40,365

ORDER OF THE COMPTROLLER

The above decision of the Administrative Law Judge is approved and adopted in all respects. This decision becomes final twenty-three (23) days from the date of this Order.

If a rehearing is desired, a Motion for Rehearing must be filed with the Administrative Law Judge no later than twenty-three (23) days after the date of this Order, and must state the grounds upon which the motion is based.

RENDERED and ISSUED February 12, 2002.

CAROLE KEETON RYLANDER
Comptroller of Public Accounts
of the State of Texas

Mr. Victor ◄Antolik►

San Antonio, Texas  78279

Mrs. Christia Parr Mitchell

San Antonio, Texas  78217

HEARING NO. 39,428

RE: VICTOR ◄**ANTOLIK**►
TAXPAYER NO.:          350-7
AUDIT PERIOD:  January 1, 1995 through December 31, 1998
TYPE OF TAX:  Sales/RDT
RESPONSE DATE:  August 4, 2001


HEARING NO. 40,365

RE:  DIVERSIFIED BUILDING SERVICES, INC.
TAXPAYER NO.:          067-8
AUDIT PERIOD:  January 1, 1995 through December 31, 1998
TYPE OF TAX:  Limited Sales, Excise and Use/RDT
RESPONSE DATE:  August 4, 2001


POSITION LETTER


On July 2, 2001, an order consolidating Hearing No. 39,428 and Hearing No. 40,365 was issued in this cause.  In that order, Christia Parr Mitchell was admitted as an interested party in both hearings in accordance with Comptroller's Rule 1.36.

The parties to this hearing, Victor ◄**Antolik**► and Christia Parr Mitchell (formerly ◄**Antolik**►), were formerly husband and wife. Mr. ◄**Antolik**► operated a business, Diversified Building Services, Inc.  As the parties were in the process of a divorce action affecting their community estate, Mr. ◄**Antolik**► approached the Comptroller for the purpose of resolving a tax liability of the business so that the liability could be addressed in the divorce proceedings. An agreement was reached as to the amount in taxes owed and the corporation as well as Mr. ◄**Antolik**►, individually [FOOTNOTE:  As a "responsible individual" for tax collected not remitted under TEXAS TAX CODE 111.016.], were assessed.

As there were not sufficient records on which to determine the amount of taxes owed, the Comptroller relied upon information about the business supplied by Mr. ◄**Antolik**►.  While Mr. ◄**Antolik**► has requested a redetermination, he has not supplied any additional records and has indicated that he does not dispute the amount assessed.

On November 14, 2000, a Second Reformed Final Decree of Divorce and Order in suit Affecting the Parent-Child Relationship was entered in Bexar County, Texas.  In the decree, a community property division was entered wherein Mr.

◄Antolik► was awarded, and his then wife, Christia Parr ◄Antolik► (now Mitchell), divested of all right, title, interest and claim to, "[t]he corporation known as DBS SERVICES, INC., together with all rights, title, interest and assets. [FOOTNOTE: Decree page 34.]" The decree further ordered "any indebtedness incurred by the business known as DBS SERVICES, INC. shall be the sole liability of said corporation . . . [FOOTNOTE: Decree page 37.]" The tax liability of the corporation, being the same as that assessed as to Mr. ◄Antolik► individually, was paid to the Comptroller at the direction of the court from marital funds deposited in the registry of the court.

On January 16, 2001, Christia Parr Mitchell filed a Request for Refund and Statement of Grounds in Hearing No. 39,428. There being no documentation submitted on which to modify the assessment, and there being no party with a current interest in any hypothetical refund contesting the amount, the Administrative Hearings Section recommends that the assessments be upheld.

PROCEDURE

Please use the attached form to respond to this position letter. If you agree with the position letter, you should check option one. If you disagree and wish to proceed further, you should request a hearing by checking either option two or three. The Comptroller's Rules of Practice and Procedure require you to file this form within fifteen days. If you do not respond, I will file a motion to dismiss the case and have the tax calculated in accordance with the position letter.

If you have any questions about my position or any of the hearings procedures, you may call me at 1-800-531-5441, extension 5-8638, or at 512/305-8638. My fax number is 512/463-4617.

Respectfully submitted this the 20th day of July 2001.


Stanley K. Coppinger
Assistant General Counsel
Administrative Hearings
Texas State Bar No. 04807650
Comptroller of Public Accounts
P. O. Box 13528
Austin, Texas 78711-3528
Tel. (512) 305-8638   Fax (512) 463-4617



ACCESSION NUMBER: 200202963H
SUPERSEDED: N
DOCUMENT TYPE: H
DATE: 02/12/2002
TAX TYPE: SALES