IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 15-CR-356 |
| | § | |
| VICTOR ANTOLIK, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S SENTENCING BRIEF**

Comes now the Defendant Victor Antolik, through his undersigned counsel, and submits the following brief regarding issues that will arise at sentencing.

**I. Summary of Objections to Presentence Report ("PSR").**

The base offense level for tax crimes is determined by the amount of the tax loss. The PSR contends that the tax loss relevant for sentencing in this case is $1,356,335, a part of which is alleged to be sales taxes due in the amount of $168,316. Antolik contends that the tax loss is under $40,000, which has a base offense level of 12. He also asserts that restitution can only be ordered during supervised release.

The prosecution contends that an obstruction of justice enhancement is applicable here due to the testimony Antolik gave at trial. Antolik asserts otherwise.

1

Antolik will also move at sentencing for a downward variance because this is his first conviction, the conviction is for a non-violent crime, and Antolik is 57 years of age, all of which entitle him to the variance down.

**II. Objection to Offense Level and Restitution.**

The PSR's assertion that the tax loss here is $1,356,335 seriously errs. First, there is no tax loss regarding sales taxes due to the State of Texas because at trial the defense showed that such taxes had been fully paid no later than 2000. Furthermore, the more than one million claimed due to the IRS for unpaid income taxes is based on gross receipts for Antolik's cleaning business, which is a business where the profit margin certainly cannot exceed 10% of gross receipts.

In preparation for trial, Antolik hired his CPA, Mr. Eddie Tovar, to prepare all tax returns that had not been filed or needed to be corrected. Prior to trial, Mr. Tovar obtained all of the discovery offered by the prosecution and based his calculations on those financial records and documentation. He used several employees in his office to review every check provided by the prosecution, determined which checks represented business expenses, and then prepared very accurate tax returns. In total, those returns shows that less than $40,000 is due for unpaid income taxes. This is an offense level of 12, with a sentencing range of 10 to 16 months.

Further, restitution cannot be ordered here except as a condition of supervised release. 18 U.S.C. § 3556 governs orders for restitution. Via 18 U.S.C. §3563(a)(6),

a court may order "restitution in accordance with sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664". Section 5D1.3 the U.S. Sentencing Guidelines governs the "Conditions of Supervised Release", and subparagraph (a)(6) of this section provides that "the defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664." While §5D1.3 provides for restitution for Criminal Code offenses, it does not provide for restitution for tax offenses.

Historically, restitution for tax crimes has not been allowed. For example, in *United States v. Touchet*, 658 F.2d 1074, 1076 (5th Cir. 1981), this court held:

> "A trial court may not condition probation upon payment of a specified sum of taxes when that sum has not been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings. Touchet is entitled to litigate his civil liability; 'the conditions attached to probation must be removed'. * * * Until there has been a definitive determination or adjudication of the amount of taxes Touchet owes, he may not be required to pay charged deficiency sums as a prerequisite of probation or as a condition for release from custody."

See also *United States v. Franks*, 723 F.2d 1482, 1487 (10th Cir. 1983); *United States v. Weber*, 437 F.2d 1218 (7th Cir. 1971); *United States v. Taylor*, 305 F.2d 183 (4th Cir. 1962); and *United States v. Stoehr*, 196 F.2d 276 (3rd Cir. 1952).

This rule was not changed by the Guidelines. Under 18 U.S.C. §3663(a)(1), restitution is permitted only for crimes under Titles 18, 21, and 49, U.S.C. Restitution which may be ordered via 18 U.S.C. §3663A encompasses crimes of violence, property offenses, and others crimes set forth within 18 U.S.C. Restitution for tax

offenses found in the Internal Revenue Code is not statutorily authorized and courts have rejected restitution orders covering unpaid taxes. See *United States v. Stout*, 32 F.3d 901, 905 (5th Cir. 1994)("the restitution statute permits such separate orders only when the defendant's offense is an offense under either Title 18 or 49"); and *United States v. Guthrie*, 64 F.3d 1510, 1514 (10th Cir. 1995). The Pre-Guidelines cases thus continue to have validity today. See also *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006)(restitution can only be ordered during supervised release).

### III. Obstruction of Justice Enhancement.

The prosecution contends that an enhancement for obstruction of justice may be appropriate here, but Antolik objects.

The mere fact that Antolik was found guilty by the jury is not a basis for imposing this enhancement, yet this is exactly what the prosecution proposes. See *United States v. Monzon-Valenzuela*, 186 F.3d 1181, 1183 (9th Cir. 1999)("It is not enough that the defendant chose to testify and was convicted. Imposing the enhancement without a judicial finding of perjury might unduly burden the defendant's Constitutional right to testify."); *United States v. Akitoye*, 923 F.2d 221, 228-229 (1st Cir.1991)("When all is said and done, an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 requires more than a mere conflict in the trial testimony or a jury's rejection of a defendant's alibi or denial of guilt."); *United States v. Cunavelis*, 969 F.2d 1419, 1423 (2d Cir. 1992)(in vacating

enhancement, court stated: "the court may not automatically impose an upward adjustment for obstruction of justice whenever a defendant's testimony has been rejected by judge or jury."); *United States v. Catano-Alzate*, 62 F.3d 41, 42 (2nd Cir. 1995)("*Dunnigan*'s requirement of fact-finding insures that courts will not automatically enhance sentences whenever the accused takes the stand and is thereafter found guilty."); *United States v. Shonubi*, 998 F.2d 84, 88 (2nd Cir. 1993)("A 'proper determination' by the district court ensures that defendants are not penalized merely for taking the stand, which otherwise would raise troubling constitutional issues. The fact that a defendant who testifies at trial is disbelieved by the jury and convicted is not alone sufficient evidence of perjury to bring about sentence enhancement because 'an accused may give inaccurate testimony due to confusion, mistake or faulty memory'."); *United States v. Arnold*, 106 F.3d 37, 42 (3rd Cir. 1997)("This provision is not intended to punish a defendant for the exercise of a constitutional right."); *United States v. McLaughlin*, 126 F.3d 130, 140 (3d Cir. 1997)("Even assuming that Mark's conviction for 'willful evasion of tax' implies that the jury rejected all of Mark's explanations for the failure to declare either account's balance as income, that alone would not be sufficient to support a finding that Mark testified 'with the willful intent to provide false testimony'."); *United States v. Fiorelli*, 133 F.3d 218, 223 (3rd Cir. 1998)("a jury finding of falsity does not necessarily mean there has been perjury"); *United States v. Ricardo*, 472 F.3d 277,

285 (5th Cir. 2006)("Simply basing the enhancement on the jury's verdict is improper."); *United States v. Spears*, 49 F.3d 1136, 1143 (6th Cir. 1995)("A district court may not base a finding of perjury upon the mere fact that the jury returned a verdict of guilty after the defendant testified."); *United States v. Flores*, 362 F.3d 1030, 1038 (8th Cir. 2004) ("This case illustrates the line dividing the jury's disbelief of a defendant's testimony and a district court's finding of perjury. . . . [T]he jury's disbelief of [defendant]'s testimony is not the equivalent of a finding by the district court that he committed perjury."); *United States v. Harris*, 352 F.3d 362, 366 (8th Cir. 2003)("it would tread too far onto the right to testify if courts enhanced the sentences of all testifying-but-guilty defendants."); *United States v. Abdul-Aziz*, 486 F.3d 471, 478-79 (8th Cir.2007)("A district court cannot, however, impose the departure 'simply because a defendant testifies on his own behalf and the jury disbelieves him.'"); *United States v. Markum*, 4 F.3d 891, 897 (10th Cir. 1993)("The mere fact that a defendant testifies to his or her innocence and is later found guilty by the jury does not automatically warrant a finding of perjury."). Mere conflicts in testimony does not support an enhancement for obstruction. See *United States v. Alvarado-Guizar*, 361 F.3d 597 (9th Cir. 2004); *United States v. Garcia-Guizar*, 160 F.3d 511 (9th Cir. 1998); and *United States v. Shannon*, 137 F.3d 1112, 1119 n. 3 (9th Cir. 1998)("Mere dispute or disagreement as to a defendant's perception of facts, without more, should not give rise to a charge of perjury in the context of

6

sentencing.").

Here, the prosecution attempts to show differences in the trial testimony of witnesses to build its argument that Antolik intentionally lied during trial, and it uses as one example the testimony of Mr. Ceferino Mata who testified at trial that he did not own any interest in Antolik's cleaning business. However, that testimony conflicts with apparently different testimony Mr. Mata provided during Antolik's divorce proceedings in Bexar County.

In 1998, Antolik and his then wife, Christia, instituted divorce proceedings in San Antonio, a proceeding that did not result in a divorce until 2001. During that divorce, Mr. Mata was deposed apparently regarding the value of Antolik's cleaning business. When that divorce was concluded, the court found as a factual matter that Mr. Mata was a 45% owner of that business.

Attached hereto are copies of certified copies of certain pleadings that still exist which were filed in that divorce action.  In Bexar County, the domestic relations records have been scanned and stored as microfiche and the paper records have been destroyed. The depositions taken in that case were not scanned and only a few pages of each was copied. While the Mata deposition no longer exists (Ex. 1 hereto), the court order does state as follows: "The Court finds that the Petitioner is the owner of 55% of DBS Services, Inc., and the other 45% is owned by Mr. Mata." (Ex. 2 hereto, ¶43).

For these reasons, there should be no obstruction of justice enhancement.

**IV. Striking PSR References to Murder of Christia Antolik.**

On page 10, ¶44, of the amended PSR (Doc. 68), reference is made to the death of Christina Mitchell ("Christia"). Antolik requests this court to delete from the PSR to be provided to the U.S. Bureau of Prisons the references in this paragraph to him. If Antolik is to serve any imprisonment as a result of his convictions herein, it should be in a camp. However, if this paragraph is not so modified, the Bureau of Prisons may place Antolik in a facility other than a camp.

Antolik believes that other parties may be connected with the death of Christina in some way. Christina was a lawyer and at the time of her death, was working with a couple of lawyers named Mary and Ted Roberts. These parties engaged in a scheme of extortion as more fully explained here:

http://www.tdcaa.com/node/248

Mary and Ted Roberts were prosecuted and convicted for engaging in the extortion scheme described above. Antolik believes they may be associated in some way with the death of Christia.

**V. Downward Variance.**

The PSR correctly finds that Antolik's criminal history is Category 1. In light of the fact that this case is the first criminal conviction for Antolik, and involves no

violence, he should be given a downward variance.[1] See *United States v. Paul*, 561 F.3d 970 (9th Cir. 2009)(where defendant convicted of embezzlement and the Guidelines range was 10-16 months, court's within Guideline sentence of 15 months was unreasonably high in part because Paul was a first-time offender with no criminal record); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (*en banc*) (where defendant was convicted of evading $225,000 in taxes, and the Guidelines range was 12-18 months, district court's sentence to probation on condition of one year home detention and fine of $150,000 was not unreasonable in part because of Tomko's "minimal criminal record"); and *United States v. Huckins*, 529 F.3d 1312, 1318-19 (10th Cir. 2008) (where defendant convicted of possession of child porn and the Guidelines range was 78-97 months, court's variance to 18 months proper in part because this was defendant's first conviction – rejecting government's argument that Guidelines already considered this by placing the defendant in Criminal Category I: "Although the Guidelines discourage granting a downward departure based upon criminal history when the defendant has been placed in a criminal history category of I...this is a not a departure case, it is a variance case....And, after *Gall* and *Kimbrough*, a factor's disfavor by the Guidelines no longer excludes it from

---

[1] See *United States v. Robinson*, 741 F.3d 588, 600 (5th Cir. 2014), explaining deviation from recommended Guidelines range is a "departure" while deviation through application of § 3553(a) factors is a "variance".

9

consideration under § 3553(a).... Therefore, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its § 3553(a) analysis.").

Furthermore, Antolik is presently 57 years old, which is a factor to consider for sentencing. See *United States v. Smith*, 2008 WL 1816564 (4th Cir. April 22, 2008) (unpub.) (in child porn case where Guidelines range was 78-97 months, sentence of 24 months not abuse of discretion where district court noted, among other things that defendant was 64 years of age and had avoided violations of the law "up until this point in his life" and "absence of any risk that he will involve himself in similar conduct in the future"); *United States v. Wadena,* 470 F.3d 735 (8th Cir. 2006) (where 67 year old defendant convicted of mail fraud and Guidelines were 18-24 months, it was proper for district court to impose below Guidelines sentence of probation, in part, because "Wadena's age and recent deterioration in his health reduce the risk of re-offending, however, as do the terms of his probation"); *United States v. Bariek*, 2005 WL 2334682 (E.D.Va., Sept. 23 2005) (unpub.) (where defendant convicted of operating unlicensed money business (sending funds to Afghanistan), Guidelines range of 37-46 months was greater than necessary and sentence of 18 months imposed in part because "this is the defendant's first criminal offense. The defendant arrived in the United States in 1989 and later sought and obtained his United States citizenship. Since his arrival, he has maintained stable

employment, has supported his family, and has become a well-respected member of the Afghan community. Further, there is no indication that the defendant poses a risk of recidivism. For each of these reasons, the Court finds no compelling rehabilitation need as would be served by a lengthy term of incarceration."); *United States v. Lucania*, 379 F.Supp.2d 288, 297 (E.D.N.Y. 2005) ("Post-*Booker* courts have noted that recidivism is markedly lower for older defendants."); and *United States v. Carmona-Rodriguez*, 2005 WL 840464, 4 (S.D.N.Y. April 11, 2005) (unpub.)( where 55 year old woman pled guilty to distribution of drugs sentence of 30 months (below Guideline range) proper in part "in view of the low probability that Carmona-Rodriguez will recidivate.").

Congress in 28 U.S.C. § 994(j) stressed "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." In this case, the base offense level is really 12. As stated immediately above, since Antolik is 57 years old, this is his first offense, and these crimes are not violent, a variance down is warranted. See *United States v. Adelson*, 441 F.Supp.2d 506, 514 (S.D.N.Y. 2006)(in securities fraud case where the Guidelines called for life sentence, court imposed 42 months in part because "there is a considerable evidence that even relatively short sentences can have a strong deterrent effect on prospective 'white collar' offenders."); *United States v. Carvajal*, 2005 WL 476125 (S.D.N.Y. Feb. 22,

2005)(unpub.) (in drug case, career offender's Guideline range of 262 months was too great as he would be 48 when he emerged from prison. The goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment."); *United States v. Hein*, 463 F.Supp.2d 940, 943 (E.D. Wis. 2006) (where defendant convicted of being felon in possession of ammunition, the Guideline range of 12-18 months was "greater than necessary to satisfy the purposes of sentencing" in part because "given his minimal prior record and law-abiding life for the past ten years, coupled with his diminished physical capacity, [the court] found that defendant was very unlikely to re-offend and posed no danger to the public. Therefore, prison was not necessary.").

## CONCLUSION

For the reasons expressed above, the defendant Antolik should be sentenced in the fashion noted above.

Respectfully submitted this the 25th day of October, 2016.

/s/ *Lowell H. Becraft, Jr.*  /s/ *William Stephen Brittain*
Lowell H. Becraft, Jr.  William Stephen Brittain
ASB 5005-F66L  Attorney for Defendant Antolik
Attorney for Defendant Antolik  812 W. 11th Street, Suite 207

403-C Andrew Jackson Way  Austin, TX 78701
Huntsville, AL 35801  (512) 477-9959
(256) 533-2535  wbf.law.austin@gmail.com
becraft@hiwaay.net

CERTIFICATE OF SERVICE

    I hereby certify that on this date, October 25, 2016, I electronically transmitted this motion to the Clerk of the Court using the CM/ECF system for filing, which will send notification of such filing to the following:

David Zisserson
U.S. Department of Justice
Tax Division
601 D. Street N.W.
Washington, DC 20004

Robert Andrew Kemins
U.S. Department of Justice
Trial Attorney, Tax Division
717 North Harwood, Suite 400
Dallas, TX 75201

                                                   /s/ *Lowell H. Becraft, Jr.*
                                                   Lowell H. Becraft, Jr.