IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 OCT 31 AM 9:45
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KW_____
DEPUTY

UNITED STATES OF AMERICA

-vs-

CAUSE NO. A-15-CR-356-SS

VICTOR ANTOLIK

## ORDER OF SENTENCING

BE IT REMEMBERED on October 28, 2016 the undersigned sentenced Victor Antolik to a term in the penitentiary of SEVENTY-TWO (72) MONTHS with ONE YEAR of supervision. The guidelines calculated by the United States Probation Officer establish a guideline sentence of 41 to 51 months. Therefore, Mr. Antolik's sentence was a variance pursuant to 18 U.S.C. § 3553(a).

Victor Antolik is a 57-year-old naturalized United States citizen. He was convicted on five separate counts of willfully signing fraudulent 1040 tax returns for the tax years 2004, 2007, and 2008, of willfully signing a fraudulent 1040EZ tax form in tax year 2008, and on Count 5 for intentionally and willfully obstructing and impeding the Internal Revenue Service from ascertaining and computing assessment and collection of the federal taxes. Specifically, he was sentenced to 36 months on Counts 1 and 2 to run concurrent; 36 months on Counts 3 and 4 to run concurrent, but to run consecutive to Counts 1 and 2; and 36 months to Count 5 to run concurrent to Count 1, for a total incarceration of 72 months. The United States assessed restitution in favor of the Internal Revenue Service $916,358.00.

Mr. Antolik for a period of at least 15 years intentionally and willfully committed tax evasion. During these years, he had two divorce lawsuits and manipulated multiple corporate entities

and his stream of income in many ways to hide assets and income from both his divorcing wives, their attorneys, the state courts, and the Internal Revenue Service. He did not file returns when required in some years. He also filed back-dated returns with totally newly made up facts. He used employees in this scheme, naming them officers and instructing them to keep his books and use business income for personal funds. When he realized he was under investigation by the Internal Revenue Service, he filed "zero" income tax returns in the model of many standard tax protesters. He concealed income sources from his accountants and tax preparers who in turn filed amended, but false, tax returns. In addition to using his employees, he used family members, unbeknownst to them, to further his evasion of tax laws. He set up bank accounts in several cities using nominees for businesses that never were successful but for running money through the accounts of these nominees. He had persons cash checks with forged signatures, telling them this was a necessary procedure and an acceptable practice because of the divorces, when it was not.

In his trial, Mr. Antolik took the stand and testified giving perjured testimony obvious not only to the jurors but also to the Court and everyone in the courtroom. The United States Probation Officer initially calculated a tax liability of $1,188,019.00 to be recommended as restitution in the case. As a result of the testimony and meetings between the government and representatives of Mr. Antolik, the probation officer changed the restitution to $916,358.00. Ironically, in Mr. Antolik's financial information furnished to the probation officer, he lists loans to his brothers and related entity as follows: Mark - $12,000; Richard - $24,000; Gary - $190,000; Garrett Jennings - $545,000; SGN Investment Trust - $525,000, for a total of $1,296,000.00 now outside of his control and now unavailable to the Internal Revenue Service.

After the trial in one three-week period, he withdrew $90,000.00 from one of the banks he dealt with by making cash withdrawals of $5,000.00 each (18 transactions). His explanation at sentencing was someone hacked into his bank account and took $10,000.00. He had no explanation as to why he then had to make 18 withdrawals of $5,000.00 each in a three-week period to avoid the bank's reporting requirements. Mr. Antolik lists his assets as $688,755.63 with liabilities of $462,831.90 and a net worth of $205,923.73 without reference to his "loans" to his family members and entities controlled by them.

Thus, for over 15 years, Mr. Antolik has been hiding assets and running cash through many different ways to avoid paying taxes and in many years not even filing tax returns. Yet, after his trial, after he has been found guilty on five counts by a jury who listened to his testimony and took less than 20 minutes to convict him on all five counts, Mr. Antolik continues his financial misconduct by withdrawing $90,000 in small withdrawals of $5,000 each over a three-week period prior to sentencing.

Mr. Antolik's conduct in hiding assets, failing to file tax returns, filing false tax returns, and avoiding the payment of taxes for this long period did not stop—notwithstanding a five-count indictment in federal court, a verdict of guilty of all counts—and continues his movement of income beyond the capability of collection by the Internal Revenue Service. This case is totally outside the "heartland" of typical tax evasion cases and justifies the upward variance of a sentence of 72 months. Every aspect of the elements in 18 U.S.C. § 3553(a) stand up against his conduct. The nature and circumstance of the offense is almost inexplicable. The history and characteristics of Mr. Antolik for over a 15 year period is despicable. Not reporting and paying your tax is a serious offense. The variance does promote respect for the law and still may be a light sentence for the just punishment

for his conduct. The sentence hopefully will be an adequate deterrence to further criminal tax conduct and certainly will protect the public from further criminal conduct of the defendant for at least seven years. It is a just sentence for the circumstances, and

    IT IS SO ORDERED.

SIGNED this the 28th day of October 2016.

                                                      _/s/ Sam Sparks_
                                               UNITED STATES DISTRICT JUDGE